# W. C. HARRISON, JR., *v.* N. B. BLACK *et al.*

1. BILLS AND NOTES. *Payable to clerk. Endorsement..* If a clerk or commissioner of court, in lieu of a cash payment for land sold, as required by the decree of sale, take a note from the purchaser for the money, and sell the same before the ratification of his act for the full amount of the cash payment, and properly account for the proceeds of the sale, the purchaser and endorsee of the note will get a good title.

2. SAME. *Same. Same.* Although a clerk or commissioner has no power, without authority, to sell or otherwise dispose of negotiable securities taken for property sold under decrees of court, and al-

though no person can, as against the beneficial owners, acquire a good title to such securities if the trust character appear upon their face, yet the endorsement by him would only be voidable, not void.

## FROM RUTHERFORD.

Appeal from the Chancery Court at Murfreesboro. A. S. MARKS, Ch.

DROMGOOLE & BEARD for complainants.

PALMER &. RICHARDSON for defendants.

COOPER, J., delivered the opinion of the court.

Mollie L. Reeves filed a bill in the chancery court at Murfreesboro against W. L. Murfree, her guardian, and L. M. Maney and others his sureties, for the recovery of money due to her from the guardian, and to sell certain land mortgaged to her by the guardian to secure the debt. In this suit, W. L. Murfree was appointed by the court special commissioner to sell the land, the proceeds of which were to be applied to the payment of the decree in favor of the ward against the guardian On December 31, 1872, Murfree negotiated a sale of the land to the defendant J. W. Hill. The terms of the sale, it seems, were that Hill should pay $1,000 in cash, and give his notes in installments for the residue of the purchase money. He executed his notes for the time installments according to the contract, payable to N. B. Black, clerk and master of the chancery court, and was allowed a few days to make the cash payment. Not being able to raise the money, the clerk and master accepted from him about

ten days thereafter, in lieu of the money, the following note:

"$1,000. On or before the first day of November, 1873, I promise to pay N. B. Black, clerk and master and commissioner, as the first payment for thirty-eight $\frac{27}{100}$ acres of land, being a portion of W. L. Murfree's Gartland tract, contracted for from W. L. Murfree, the sum of one thousand dollars, with interest from date at ten per cent till paid. This December 31, 1872.'        J. W. HILL,

A. V. McLEAN, *Security*,

J. A. SMITH, *Security*."

About January 29, 1873, the defendant L. M. Maney proposed to purchase from the clerk and master this note, to use, he said, in paying a claim due from him, Maney, to the complainant Harrison. The complainant had recovered a judgment against D. D. Maney, L. M. Maney, Jas. M. Maney and W. A. Ransom, upon a note on which they were the sureties of W. L. Murfree. There was a balance due to complainant on this judgment of about $1,000, and he agreed to receive the note in satisfaction thereof. The clerk and master accepted from L. M. Maney $1,000 for this note, and endorsed it to him without recourse, explaining to the parties that the note had been received in lieu of a cash payment, and that it must be taken without recourse on the land, as the land was looked to to secure the other purchase notes, which had been executed without personal security. Maney then endorsed the note to the complainant, in satisfaction of the balance due to him on his judgment. At the

April term, 1873, of the chancery court, the sale to Hill was confirmed. Afterwards, when the other notes of Hill for the purchase money fell due, judgments were rendered on them by the court in favor of Black, as clerk and master and commissioner, and the land was resold to satisfy them. Black proves that he accounted for the $1,000 received from Maney in said cause, and paid the same over to Mollie L. Reeves, the party entitled to receive it.

The complainant seems to have recovered judgment in the chancery court on the note assigned to him, against Hill and McLean (but not against J. A. Smith, the other surety, who had died), upon which executions issued and were returned *nulla bona.* He afterwards brought suit in the circuit court against the defendant J. W. Hill as executor of the last will of J. A. Smith, and against L. M. Maney as endorser, on the note. Hill, as executor, demurred to the declaration filed on the ground that the endorsement of Black as clerk and master was void and conveyed no title. Thereupon, the complainant dismissed his suit at law, and filed the original bill in this cause on October 9, 1875, which he amended in some slight particulars and in the prayer on February 29, 1876.

The bill was filed against Black, Hill individually and as executor of J. A. Smith, McLean, Murfree, Maney and Mollie L. Reeves. It was afterwards dismissed as to Black. The prayer of the bill, at first filed, was to have a recovery against Mollie L. Reeves for the one thousand dollars paid by Maney to Black for the note, upon the ground that the sale of the

note was void, and communicated no title to Maney or the complainant. The prayer of the amended bill is for a recovery against the parties to the note upon the ground that the sale and assignment were valid, and that the remedy of the complainant was embarrassed at law. Upon final hearing, the chancellor gave the complainant the decree asked for in the amended bill, and Hill alone appealed as executor.

The record in the case of *Reeves* v. *Murfree et al* is not introduced as evidence, the parties having joined in an agreed state of facts to obviate the necessity, which statement is somewhat meagre, and leaves many things to inference. If, however, as may fairly be inferred, the decree in *Reeves* v. *Murfree* for the sale of the land required the land to be sold as was done, namely, for $1,000 in cash, and the residue of the purchase money on time, the clerk and master had no authority to take the note in controversy. He was, in that view, only authorized to receive money, and the note was his private property until its acceptance was ratified by the court, subject, of course, to the trust in favor of the beneficiary in case of ratification. But as he would have clearly been authorized to have received the money from Hill, and delivered up the note to him, he might also, before ratification, sell the note for the money it was intended to secure. For it was the money he was directed to receive and account for. It is probable, also, that although a clerk or commissioner has clearly no power, without the order of the court, to sell or otherwise dispose of negotiable securities taken for property sold under the

decrees of court, and although no person can become a *bona fide* purchaser of such paper if the fact of its trust character appear upon its face, yet the endorsement would not be absolutely void. For, the court or the beneficiaries might authorize in advance, or subsequently ratify the act. The complainant was, therefore, more scared than hurt by the demurrer to his declaration. The intimation to the contrary in *Carnes* v. *Polk*, 4 Cold., 87, was not required by the facts of the case. The parties interested in that case were entitled to treat the transfer as unauthorized. Be this as it may, the defendant Reeves has acquiesced in the finding of the court below of the fact that the money paid out for the note was received by her. If the complainant's legal title to the note was not thereby perfected, his equitable title was. The defendant Hill having made no objection to the jurisdiction of the court, the complainant might recover upon his legal title, if there is nothing else in the case, and, in the absence of the legal title, by way of subrogation to the rights of the payee and beneficiary.

The defendant Hill says in his demurrer that the contract between him and Murfree for the purchase of the land was that the title was to be perfected by a conveyance from Murfree, his wife and children, and that his, Hill's notes were delivered to Black as escrows until the conveyance was made. The testimony of Hill and Murfree does establish that Murfree agreed to perfect the title in the mode claimed, but neither of these witnesses prove that the notes were delivered to Black upon any such condition. And Black's tes-

Harrison *v.* Black.

timony is that the delivery was unconditional. Moreover, it is not pretended that Murfree was authorized as the commissioner of the court to make any such contract. And the defendant Hill has allowed the sale actually made, under the authority of the court, to be confirmed. He thereby accepted the title which the court agreed to give for the consideration paid by him, and as long as the decree remains in full force the contract is binding upon him.

The defendant pleads the statute of two years and six months as executor. But the original bill was filed within that period, and states all the facts upon which the complainant's claim to relief rests. The general prayer of the bill would have entitled him to the proper relief.

Affirm the decree with costs against Hill as executor of Julia A. Smith.